GEORGE DÍAZ BURGOS ET AL., demandantes y recurridos, *v.* NAVIERAS DE PUERTO RICO ET AL., demandados; TRAVELERS INSURANCE COMPANY, demandada y peticionaria.

Número: O-85-369      Resuelto: 12 de febrero de 1987

*Nelson Rivera Cabrera,* de *Rúa & Mercado,* abogado de la peticionaria Travelers Insurance Company; *Antonio Montalvo Nazario,* abogado de la Corporación Insular de Seguros; *Rafael S. Fuentes Rivera,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 28 de diciembre de 1980 el conductor George Díaz Burgos impactó un vehículo de motor contra un furgón de la Autoridad de Navieras de Puerto Rico estacionado en la Carr. Núm. 28. Díaz Burgos y su pasajera Elba Alvarado Bonilla sufrieron daños. Ambos, incluyendo unos familiares de Díaz Burgos, [1] presentaron demanda de daños y perjuicios en el Tribunal Superior, Sala de Bayamón, contra Navieras de P.R., Inc. y otros. Luego Elba Alvarado, residente de Connecticut, desistió sin perjuicio de esa acción e instó demanda en la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico contra George Díaz Burgos, Navieras, Ariel Ruiz Charón (camionero independiente que había estacionado el furgón) y la Corporación Insular de Seguros. Posteriormente Travelers Insurance Company fue traída como tercera demandada. Díaz formuló demanda de coparte contra los demás codemandados por los mismos hechos que motivaron el pleito en el Tribunal Superior.

Así las cosas, el Tribunal Superior celebró una vista para dilucidar la negligencia de las partes. El 9 de julio de 1984, les notificó un escrito titulado "Relación del Caso, Determinaciones de Hechos Probados, Conclusiones de Derecho y Sentencia Parcial". Determinó que Díaz Burgos había incurrido en negligencia comparada en un 20% y los demandados en un 80%. Leía así:

> En base a las Determinaciones de Hechos Probados y Conclusiones de Derecho que preceden, incorporándolas, el Tribunal dicta Sentencia Parcial declarando con lugar la demanda, determinando que la parte demandante contribuyó en un 20% de negligencia comparada y la parte demandada en un 80% a tenor y de conformidad con las Determinacio-

---

[1] Rafael Díaz Cruz y Justina Burgos, padre y madre de George Díaz Burgos; sus tías Priscila y Justina de apellidos Burgos Ramos, y Rubén Avilés.

nes de Hechos probados que preceden y las Conclusiones de Derecho aplicables antes consignadas.

Todo lo relativo a las demandas de terceros, demandas contra coparte, Reconvenciones e imposición de honorarios de abogado, y cualquier otro incidente procesal y/o sustantivo será asimismo adjudicado al dictarse la sentencia final* correspondiente.

DADA en Bayamón, Puerto Rico, a 29 de junio de 1984.

REGISTRESE Y NOTIFIQUESE.

(Fdo.) JOSE F. RODRIGUEZ RIVERA
Juez Superior

*Esta Sentencia Parcial es final en cuanto al aspecto de negligencia respecta en relación con todas las partes litigantes, ya que no existe razón para posponer dictar sentencia sobre el aspecto de negligencia hasta la resolución total del pleito en virtud de lo cual se ordena ésta se registre y notifique. (Regla 43.5 de las de Procedimiento Civil para el Tribunal General de Justicia, 1979; véase asimismo *Asociación de Propietarios del Condominio Villas de Playa I de Dorado del Mar, Inc. vs. Santa Bárbara Company of P.R. Inc.* y otros, 82-JTS 7; *Inmobiliaria Estado, Inc. vs. Caribbean Properties Ltd. Inc.*, [sic] 82 JTS 138).

Concurrentemente los procedimientos en el foro federal continuaron y culminaron con las siguientes determinaciones del jurado: (1) que el codemandado y demandante contra coparte Díaz Burgos fue responsable en un 60%; (2) que Navieras fue responsable en un 20%; (3) que la demandante Elba Alvarado fue responsable en un 5%, y (4) que el camionero independiente Ruiz Charón fue responsable en un 15%. La Corte de Distrito dictó sentencia y dispuso de todas las reclamaciones. Luego de aplicar las negligencias comparadas y la "nivelación", Díaz Burgos y Elba Alvarado fueron indemnizados en $295,000 y $200,000, respectivamente.

Luego de este dictamen, Travelers pidió al Tribunal Superior la desestimación de la demanda, o la causa de acción de Díaz Burgos, por el fundamento de que la sentencia dictada en el foro federal era cosa juzgada e impedimento colateral

por sentencia. El tribunal se negó. En reconsideración reiteró que ya había adjudicado la controversia sobre la negligencia de las partes. A solicitud de Travelers, expedimos para examinar la cuestión.

## II

■ Primeramente, Travelers sostiene que el dictamen del Tribunal Superior fue una resolución de carácter interlocutorio, no una sentencia. Tiene razón. El lenguaje usado en la notificación a los efectos de que era una sentencia parcial final, en cuanto al aspecto de negligencia respecto a todas las partes litigantes, no tiene ese alcance. No convierte el dictamen en sentencia definitiva y final. El tribunal simplemente fraccionó los elementos básicos de la controversia: negligencia y daños. Al disponer del primer aspecto no resolvió "finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitarse revisión". Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Aparentemente intentó equiparar ese trámite con el autorizado en la Regla 43.5 sobre *reclamaciones* o *partes múltiples*. En tales casos puede dictar una sentencia parcial final. [2]

---

[2] Según *Asociación de Propietarios* v. *Santa Bárbara Co.*, 112 D.P.R. 33, 39–40 (1982), la Regla 43.5 debe leer:

"Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

"Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

"En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adju-

En el caso de autos no se dispuso de ninguna reclamación entre ninguna de las partes. Lo único que se resolvió fue que el demandante Díaz fue negligente en un veinte por ciento (20%) y que las demandadas en conjunto incurrieron en un ochenta por ciento (80%). La resolución no determinó los grados de negligencia entre los distintos codemandados. Tampoco en cuanto al remedio de daños a concederse.

■ En resumen, estamos ante una resolución interlocutoria. En *Cortés Román* v. *E.L.A.*, 106 D.P.R. 504, 511 (1977), en igual situación, dijimos: "Quedaría aún sin resolver el remedio a que tenía derecho el demandante, esto es, la cuantía de daños. Mientras no se resuelva este último aspecto la sentencia no puede ser *final* por no ser aún ejecutable. Podría darse el caso inclusive de que no se probaran daños, convirtiéndose en ilusoria la sentencia parcial." (Énfasis suplido y escolio omitido.) Véase, también, *Dalmau* v. *Quiñones*, 78 D.P.R. 551 (1955).

■ Una vez establecido que el dictamen sobre negligencia de 9 de julio de 1984 fue una resolución interlocutoria, es evidente que el simple transcurso de tiempo no le daba finalidad ni firmeza.

## III

Aclarado este extremo, concentremos en torno a la defensa de cosa juzgada, que se reduce a determinar cuál doctrina es la aplicable, la estatal o la federal.

Travelers argumenta en favor de la federal. En la alternativa sostiene que se cumplen los requisitos de la estatal.

---

dique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de todas las partes."

En situaciones como la de autos, en que una corte federal dicta sentencia luego de asumir jurisdicción por diversidad de ciudadanía, ([3]) la jurisprudencia mayoritaria se inclina a reconocer que la doctrina estatal es la que gobierna. Esta postura se fundamenta en la premisa básica de que la doctrina de cosa juzgada es materia que pertenece al ámbito de derecho sustantivo y, por ende, rige *Erie R. Co.* v. *Tompkins*, 304 U.S. 64 (1938). Véase *Hanna* v. *Plumer*, 380 U.S. 460 (1965). Además, Anot., *Law Governing Res Judicata*, 19 A.L.R. Fed. 709, en particular *Standard Acc. Ins. Co.* v. *Doiron*, 170 F.2d 206 (1er Cir. 1948) ; *Patuleia* v. *Patuleia*, 127 F. Supp. 60 (D.C. Mass. 1955) ; *Eisel* v. *Columbia Packing Company*, 181 F. Supp. 298 (D.C. Mass. 1960) ; *Schmitt* v. *Jacobson*, 272 F. Supp. 301 (D.C. Mass. 1967) ; 21 Fed. Proc., L. Ed. Sec. 51:212, pág. 603 (1984) ; 18 *Wright, Miller & Cooper, Federal Practice & Procedure* Sec. 4468, pág. 654 y ss. (1981) ; *González* v. *Fireman's Fund Insurance Company*, 385 F. Supp. 140 (D.C. P.R. 1974).

Como corolario de este enfoque mayoritario, el mismo razonamiento se utiliza para aplicar la doctrina estatal de cosa juzgada cuando la causa es llevada ante una corte federal —que tiene jurisdicción por diversidad de ciudadanía— y posteriormente se presenta la sentencia allí dictada ante un tribunal estatal. ([4]) *Aerojet-General Corporation* v. *Askew*,

---

([3]) La Corte de Distrito federal puede asumir jurisdicción original en causas entabladas ante partes que sean ciudadanos de distintos estados o territorios. 28 U.S.C. sec. 1332. En el caso de autos se cumple con los requisitos establecidos para que exista jurisdicción por diversidad de ciudadanía.

([4]) Otros casos han aplicado la doctrina *federal* de cosa juzgada, en situaciones donde la corte federal había asumido jurisdicción por diversidad de ciudadanía. El fundamento para tal actuación lo recoge la siguiente cita:

". . . It would be destructive of the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity. The rights and obliga-

511 F.2d 710 (5to Cir. 1975) ; *Dodge* v. *Carri-Craft, Inc., Div. of Wis. Tanktainer, Inc.,* 332 F. Supp. 651 (1971).

Suscribimos este enfoque. Esta decisión armoniza con la jurisprudencia del país. Hace años en *Ninlliat* v. *Suriñach et al.,* 18 D.P.R. 195 (1912), sostuvimos la defensa de cosa juzgada basada en una sentencia previa de la corte federal.

## IV

Una vez resuelto que es susceptible de aplicarse la doctrina estatal sobre cosa juzgada, veamos si en el caso de autos se cumplen sus requisitos. Primeramente, es incuestionable que ambas reclamaciones surgían de los mismos hechos. La Corte de Distrito resolvió de manera final y concluyente todas y cada una de las reclamaciones y dirimió las defensas traídas ante su consideración.

De igual modo, es innegable que existió la más perfecta identidad entre las cosas, causas, personas litigantes y la calidad en que lo fueron. Art. 1204 del Código Civil, 31 L.P.R.A. sec. 3343. *Lausell Marxuach* v. *Díaz de Yáñez,* 103 D.P.R. 533 (1975); *Pagán Hernández* v. *U.P.R.,* 107 D.P.R. 721 (1978); *Sucn. Zayas Berríos* v. *Berríos,* 90 D.P.R. 551 (1964); *Pérez* v. *Bauzá,* 83 D.P.R. 220 (1961); *Bolker* v. *Tribunal Superior,* 82 D.P.R. 816 (1961); *Araújo* v. *Arenas,* 60 D.P.R. 284 (1942); *Hull-Dobbs Co.* v. *Tribunal Superior,* 81 D.P.R. 221 (1959); *Vázquez Prada* v. *Santos,* 54 D.P.R. 618

---

tions of the parties are fixed by state law. These may be created, modified and enforced by the state acting through its own judicial establishment. But we think it would be strange doctrine to allow a state to nullify the judgments of federal courts constitutionally established and given power also to enforce state created rights." *Kern* v. *Hettinger,* 303 F.2d 333, 340 (2do Cir. 1962).

Esta jurisprudencia no es de aplicación al caso de autos. Aquí el tribunal federal dictó sentencia *primero* y la misma es invocada ante el Tribunal Superior. Los fundamentos esbozados en *Kern* v. *Hettinger,* supra, no son válidos cuando un tribunal estatal es el que va a determinar cuál es la doctrina de cosa juzgada aplicable. *Tucker* v. *Crickelair,* 493 A.2d 247 (1985); *Monroe* v. *Lubonivic,* 329 S.E.2d 583 (1985).

(1939) ; *Cintrón* v. *Yabucoa Sugar Co.,* 54 D.P.R. 518 (1939).
En conclusión, la defensa de cosa juzgada basada en la sentencia federal era oponible a la demanda contra Díaz Burgos.

■ Contra esta conclusión no milita la existencia en el Tribunal Superior de partes demandantes adicionales que no litigaron en el foro federal. *Ciertamente contra ellos no puede prosperar la defensa de cosa juzgada.* La relación de parentesco con Díaz Burgos, padre, madre y tías no es suficiente para establecer la solidaridad requerida.

■ Finalmente, no procede la tesis de Díaz Burgos de que no debemos aplicarle la defensa de cosa juzgada por haber reclamado en instancia ciertos daños específicos que no fueron solicitados ante la corte federal. Reiteradamente hemos resuelto que una sentencia dictada en un caso anterior constituye cosa juzgada en cuanto a todos los puntos que pudieron o debieron haber sido litigados y determinados. *Colón* v. *San Patricio Corporation,* 81 D.P.R. 242 (1959) ; *Cruz* v. *Ortiz,* 82 D.P.R. 834 (1961) ; *Pereira* v. *Hernández,* 83 D.P.R. 160 (1961) ; *Capó Sánchez* v. *Srio. de Hacienda,* 92 D.P.R. 837 (1965) ; *Riera* v. *Pizá,* 85 D.P.R. 268 (1962).

Por los fundamentos expuestos, *se dictará sentencia y se revocará la resolución del Tribunal Superior, Sala de Bayamón, fechada 23 de abril de 1985. En su lugar se desestimará la demanda de George Díaz Burgos. Se devolverán los autos originales al foro de instancia para la continuación de procedimientos compatibles con nuestro mandato.*

El Juez Asociado Señor Rebollo López disiente sin opinión escrita.