SANTIAGO PUEYO DURA ET AL., demandantes y recurridos, v. MOTOR PLAN, INC. ET AL., demandados y recurrentes.

*Número:* RE-92-152          *Resuelto:* 30 de junio de 1992

*Diego A. Ramos,* de *Fiddler, González & Rodríguez,* abogados de los recurrentes; *Jorge M. Suro Ballester* y *Efrén Irizarry Colón,* abogados de los recurridos.

## SENTENCIA

En la demanda que ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, radicaron los demandantes recurridos —*entre los cuales se incluía a una niña menor de edad*— se reclamaron los daños y perjuicios que alegada-

mente sufrieron éstos como consecuencia de la muerte de un familiar que se suicidó; producto la misma, supuestamente, del estado de depresión que alegadamente le causó un accidente de automóviles, del cual responsabilizaban los demandantes a la parte demandada recurrente Motorambar, Inc.

En adición a radicar la antes mencionada acción de daños y perjuicios, los demandantes radicaron una *acción paralela* contra el fabricante del automóvil vendídole a ellos por Motorambar —Nissan Motors— ante la Corte de Distrito Federal para el Distrito de Puerto Rico, relativa la misma a los mismos hechos y "por los mismos daños". El pleito federal se resolvió mediante transacción exclusivamente a favor de la menor codemandante; estipulación sobre transacción que fue aprobada por la mencionada Corte Federal mediante sentencia a esos efectos.

Como condición de la referida transacción, los demandantes acordaron, y se comprometieron, a desistir *con* perjuicio del pleito radicado ante el foro local. A esos efectos, se radicó una moción, o estipulación, de desistimiento, *con* perjuicio, ante la Sala de Bayamón del Tribunal Superior.

Tres días más tarde, sin celebración de vista alguna, el tribunal de instancia procedió a dictar sentencia. En la misma, y en cuanto a la menor demandante, *rechazó* que el archivo decretado fuera *con* perjuicio; en consecuencia, y en cuanto a la referida menor de edad, dictó sentencia decretando el archivo del caso *sin* perjuicio.

Inconforme, la parte demandada recurrió ante este Tribunal en revisión de la referida sentencia. En el recurso que a esos efectos radicara, le imputó al foro de instancia haber errado al

> ... alterar *sua sponte* y sin oir a las partes una estipulación de desistimiento con perjuicio. Solicitud de revisión, pág. 3.

Mediante Resolución de 8 de mayo de 1992, le concedimos término a la parte demandante recurrida

... para mostrar causa por la cual este Tribunal no deba expedir el auto y dictar Sentencia revocatoria de la emitida por el Tribunal Superior de Puerto Rico, Sala de Bayamón, devolviendo el caso al foro de instancia con instrucciones de que celebre una vista —*con la participación de la Procuradora de Familia*— para determinar si el archivo del caso, en relación con la menor de edad envuelta en el mismo, debe ser o no con perjuicio. Resolución de 8 de mayo de 1992, pág. 1.

La parte demandante recurrida ha comparecido en cumplimiento de la referida Resolución. En su comparecencia expresa, en síntesis, que su posición

... es que el planteamiento de derecho de la demandada-recurrente Motorambar, Inc. es técnicamente correcto. *Sin embargo*, los demandantes-recurridos no tienen objeción a que este Honorable Tribunal revoque la Sentencia del tribunal de instancia y ordene que se celebre una vista, con la participación de la Procuradora de Familia para determinar si el archivo del caso, en lo que respecta a la menor Melissa Thomashefsky Pueyo, deba ser o no con perjuicio. Escrito en cumplimiento de orden para mostrar causa al Honorable Tribunal, pág. 1.

Procede actuar según lo intimado en la orden emitida. Las disposiciones de la Regla 39.1(a)(1) y (2) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) son claras. El tribunal, de ordinario, debe de respetar una estipulación, libre y voluntariamente hecha por las partes, desistiendo *con* perjuicio del caso. Ello, no obstante, únicamente en vista del hecho específico de que en el presente caso está envuelta una menor de edad y bajo el poder de *parens patriae*, procede que el tribunal celebre una vista con el fin de proteger, al máximo, los derechos de la referida menor. En la mencionada vista y a los fines antes mencionados, debe participar la Procuradora de Familia.

En consecuencia, *se expide el auto de revisión solicitado y se dicta sentencia revocatoria de la emitida por el Tribunal Superior de Puerto Rico, Sala de Bayamón, devolviéndose el caso a dicho foro para la celebración de la vista que por la presente se autoriza y ordena.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Presidente Señor Andréu García emitió voto disidente. El Juez Asociado Señor Negrón García se inhibió.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente del Juez Presidente Señor Andréu García.

En el presente recurso, la corte de distrito federal, que tenía autoridad para ello y estaba obligada a aplicar el derecho puertorriqueño (por tratarse de un caso de diversidad de ciudadanía), *aprobó* la propuesta transacción entre los demandantes y Nissan Motors. Debemos presumir que dicho foro, al aprobar la transacción, entendió que la misma era beneficiosa para la menor codemandante. Presuntamente cumplió, entonces, con el Art. 1710 del Código Civil, 31 L.P.R.A. sec. 4822, según interpretado en *Cruz v. Central Pasto Viejo, Inc.*, 44 D.P, R, 367 (1933), y en *In re Rivera Rivera*, 86 D.P.R. 92 (1962).

En vista de lo anterior, no cabe aquí otra solución que la de modificar la sentencia recurrida y decretar la desestimación y archivo de la reclamación en este caso, *con perjuicio*. Ello es así porque, en virtud de la transacción aprobada por la corte de distrito federal, los demandantes se comprometieron a desistir con perjuicio del pleito pendiente ante la Sala de Bayamón del Tribunal Superior. El tribunal de instancia venía obligado, al igual que nosotros, a dar entera fe y crédito a la sentencia dictada por la Corte de Distrito Federal para el Distrito de Puerto Rico autorizando dicha transacción. Art. IV, Sec. 1, Const. EE. UU., L.P.R.A., Tomo 1. Por tal motivo, el asunto se convirtió en

cosa juzgada. *Díaz v. Navieras de P.R.*, 118 D.P.R. 297 (1987).

Disiento, pues, de la disposición que hoy hace este Tribunal del presente recurso.