# 95 DTA 54

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI
### DE CAGUAS/HUMACAO/GUAYAMA PANEL I

COOPERATIVA DE AHORRO Y CREDITO
DE LA POLICIA DE PUERTO RICO
Demandante -Apelada

v.

EMILIO FONTANEZ QUINONES Y
RAFAEL A. PEREZ LOPEZ
Demandados - Apelantes

Núm. KLAN-95-00145

San Juan, Puerto Rico, a 12 de abril de 1995

Panel integrado por su presidente, Juez Amadeo Murga
y los Jueces Pesante Martínez y Rivera Pérez

Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El caso de epígrafe trata de una reclamación en cobro de dinero contra dos demandados. La parte demandante solicitó se dictara sentencia sumaria. El Tribunal dictó sentencia mediante la cual declaró con lugar la demanda en cuanto a uno de los co-demandados y condenó a éste a pagar la cantidad reclamada más intereses acumulados, las costas del pleito y los honorarios de abogado. En el escrito de apelación, nos solicita el apelante la revocación de la sentencia dictada a base del fundamento de que la misma fue tan sólo una sentencia parcial en virtud de la Regla 43.5 de Procedimiento Civil█

El Tribunal de Primera Instancia dictó sentencia parcial en el caso de epígrafe y ordenó expresamente su registro. No se hizo conclusión expresa de que no existiera razón para posponer su dictado hasta la total resolución del pleito.

La Regla 43.5 de Procedimiento Civil, *supra*, dispone expresamente la facultad del tribunal de dictar sentencia respecto a una o más reclamaciones o partes sin disponer de la totalidad del pleito. Asimismo, establece ciertos requisitos para que la sentencia dictada goce de carácter de finalidad de manera que comiencen a transcurrir los términos para los procedimientos posteriores a la sentencia. En primer lugar, es necesaria una conclusión expresa de que no existe razón para posponer dictar sentencia hasta la resolución total del pleito. Además, es necesario que se ordene expresamente el registro de la sentencia. Finalmente, el texto de la referida Regla dispone:

*"En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones, no terminará el pleito con respecto a ninguna de las reclamaciones y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones".*

La citada Regla ha sido objeto de interpretación en varias decisiones del Tribunal Supremo de Puerto Rico. Véase, entre otras, *Camaleglo v. Dorado Wings, Inc.,* 118 D.P.R. 20 (1986), *Díaz v. Navieras de Puerto Rico,* 118 D.P.R. 297 (1987) y *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987). A base de la interpretación hecha en la jurisprudencia citada debemos concluir que no procede el recurso de apelación pues no se trata de una sentencia que adjudique todas las reclamaciones ni los derechos y obligaciones de todas las partes envueltas en el pleito. Resta que el Tribunal de Primera Instancia haga una adjudicación en que se disponga de la reclamación contra el demandado Emilio Fontánez Quiñones. Sólo entonces procederá la apelación contra la sentencia que en su día se dicte.

Por los fundamentos expresados anteriormente se desestima la apelación de manera que el Tribunal de Primera Instancia continúe los procedimientos y pueda adjudicar la totalidad de las controversias en cuanto a todas las partes litigantes.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 54**

**1.** 32 L.P.R.A. Ap. III.