# 95 DTA 201

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE ARECIBO Y UTUADO**

JORGE I. VELEZ AROCHO, SU ESPOSA DIGNA HERNANDEZ
GUZMAN Y LA SOCIEDAD LEGAL DE GANANCIALES COMP. POR AMBOS
Demandantes-Apelantes

v.

MARTIN ROMAN, SU ESPOSA JUANA ROMAN Y LA SOCIEDAD LEGAL DE
GANANCIALES COMP. POR AMBOS; MUNICIPIO DE LARES, REP. POR SU
HONORABLE ALCALDE, SR. HECTOR HERNANDEZ ARANA
Demandados-Apelados

Núm. KLAN-95-00130

San Juan, Puerto Rico, a 27 de junio de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El problema ante nuestra consideración requiere un análisis de los hechos, según surgen de los autos del caso, para determinar la aplicabilidad de la doctrina de cosa juzgada.

### I

Los demandantes-apelantes, Jorge I. Vélez Arocho y su esposa Digna Hernández y la Sociedad Legal de Gananciales, el 25 de marzo de 1993, radicaron en el Tribunal Superior de Utuado el Caso Número L PE93-0012, sobre *Injunction* y Protección contra Perturbación de Derecho de Propiedad. Alegaron que siendo propietarios de un solar de 3,227.05 metros cuadrados, colindantes por el Oeste con los demandados-apelados, Martín Román y su esposa Juana Román y la Sociedad Legal de Gananciales, han sido perturbados en su posesión y

disfrute. Alegaron, además, que en un camino municipal abandonado, habían intentado construir un nuevo portón y su instalación había sido obstruida por el demandado quien, además, había derribado una verja de su propiedad usurpando así el camino en menosprecio de su derecho de propiedad. Solicitaron como remedio la emisión de una orden contra los demandados para que cesaren de las prácticas descritas, que no se permitiera se violare su derecho de propiedad, *"se retorne al demandado a su propiedad, restituya la verja y no intervenga con el camino privado y propiedad de los demandantes..."* En junio de 1974, en virtud de lo dispuesto en la Regla 39.2, el Tribunal dictó sentencia desestimando el caso por no haberse efectuado trámite alguno durante seis meses.

El 13 de septiembre de 1994, la demandante-apelante presentó en el Tribunal Superior de Utuado el Caso Número L AC-94-0095, contra Martín Román y su esposa Juana Román, caso que tituló Sentencia Declaratoria. Según las alegaciones de esta demanda, la escritura de adquisión del solar suyo y el de los demandados-apelados, colindan por el Suroeste con camino municipal abandonado, mientras que el de los demandados colindan por el Este con camino municipal. Alegó, además, la parte demandante-apelante que los demandados comenzaron una campaña de hostigamiento, corriendo las verjas, derribando postes que sujetan las verjas, derribando una hoja del portón y no reconociendo la legalidad de las colindancias. En la alegación octava señalaron que para enero de 1987, habían obtenido la ayuda del Tribunal de Distrito de Lares, bajo el procedimiento de colindancia y estado provisional de derecho y que ambas partes, cediendo en sus posiciones, suscribieron un documento que el juez había dictado denominado Resolución por Estipulación. Este documento lee del siguiente modo:

*"EN EL TRIBUNAL DE DISTRITO DE PUERTO RICO, SALA DE LARES*

| | |
|---|---|
| *JORGE IVAN VELEZ AROCHO* | *Civil Núm.:_____* |
| *Querellante* | |
| | |
| *Vs.* | *Sobre: Ley 140* |
| | |
| *MARTIN ROMAN* | |
| *Querellado* | |

*RESOLUCION POR ESTIPULACION*

*Vista la Querella de epígrafe y luego de escuchar al Lcdo. Justo O. Ramírez Acevedo en representación del Querellante y al Lcdo. Héctor Molina en representación del Querellado, el Tribunal recoge sus estipulaciones y ordena lo siguiente:*

*PRIMERO: El Sr. Martín Román removerá la columna que da sostén al portón de acceso a la propiedad del Querellante, diez pies en dirección a la propiedad del Querellante. Utilizará la misma columna. Este punto ha sido marcado por las partes con un tubo galvanizado enterado [sic] en el lugar objeto del levantamiento de la columna.*

*SEGUNDO: Al momento de remover la verja que divide la propiedad del Querellado al margen del camino éste construirá una nueva en la misma posición de la actual.*

*(FDO.)_____*
*JORGE I. VELEZ AROCHO*

*(FDO.)_____*
*MARTIN ROMAN*

*(FDO.) _____*
*JUSTO O. RAMIREZ*

*(FDO.)* _____
*HECTOR F. MOLINA ACEVEDO ROMAN*

*DADO en Lares, Puerto Rico, a 16 de enero de 1987.*

*REGISTRESE Y NOTIFIQUESE.*

*(FDO.) HON. ELI SAUL RODRIGUEZ*
*JUEZ DE DISTRITO*
*SALA DE LARES"*

Según lo expresado en el mencionado documento, alegó la parte apelante que el señor Román, apelado, había incumplido lo pactado en un contrato de transacción y que, por el contrario, nunca había removido la columna, según lo acordado, y había impedido la instalación del portón y derribado la verja que existía en la franja de terreno que es entrada a la propiedad del demandante en un camino municipal en desuso. Alegó, por último, que incluyó al Municipio de Lares como demandado, en esta segunda acción, para que informara al Tribunal si el camino era de su propiedad y le estaba dando mantenimiento. Concluyó con la súplica de que se determinase que el terreno en controversia --entrada y salida al predio-- era de su propiedad, que el proceder de los demandados había sido ilegal y negligente y que se ordenare a los demandados el cese del hostigamiento, intervención con el libre disfrute de su propiedad.

Algún tiempo después de radicada esta segunda demanda, los demandados presentaron una Moción de Desestimación indicando que la sentencia dictada en el primer caso, L PE93-0012, constituía cosa juzgada contra la acción posterior, caso L AC94-0095. El Tribunal de Instancia aceptó el planteamiento y en una escueta sentencia de tres lineas, desestimó la segunda acción al señalar:

***"SENTENCIA***

*Se ordena la desestimación de la Demanda sobre Acción Civil de Sentencia Declaratoria, L AC94-0095, por ser cosa juzgada en la sentencia del 23 de junio de 1994, en el Caso Civil L PE93-0012".*

Una solicitud posterior para que se formularan determinaciones de hechos y conclusiones de derecho fue resuelta con un *"No Ha Lugar",* notificado el 9 de febrero de 1995.

Inconforme, Vélez Arocho radicó apelación ante este Tribunal imputando error al aceptar la defensa de cosa juzgada, al no darle validez y efecto al contrato de transacción y al no formular determinaciones de hechos y conclusiones de derecho.

No tienen razón los demandantes-apelantes, aun cuando existe base para argumentar la improcedencia de la excepción de cosa juzgada.

**II**

Por cosa juzgada se entiende lo ya resuelto por fallo de un Tribunal competente que lleva en sí la firmeza de irrevocabilidad. Manresa, *Comentarios del Código Civil,* T. 8, Vol. II, 5ta. Ed., pág. 224. El artículo 1204 del Código Civil, 31 L.P.R.A. sec. 3343, exige para su aplicación *"que entre el caso resuelto por la sentencia y aquél en que éste sea invocado, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron".*

Sobre el alcance de la doctrina de cosa juzgada se ha dicho que una sentencia válida

constituye un impedimento en un pleito posterior, no sólo en cuanto a las cuestiones adjudicadas, sino también en cuanto a todos los puntos que pudieron o debieron haber sido litigados y determinados. *Díaz v. Navieras,* 118 D.P.R. 297 (1987). Una sentencia de archivo por inacción tiene la autoridad de cosa juzgada. *Banco de la Vivienda v. Carlo,* ___ D.P.R. ___ (1992), **92 JTS 76.**

Ha sido resuelto que la doctrina de cosa juzgada se aplica indistintamente a cuestiones en controversia, objeto de estipulación como de litigios contenciosos. *Lausell Marxuach v. Díaz de Yáñez,* 103 D.P.R. 533 (1975). La doctrina se refiere a la sentencia de un tribunal competente y no a aquellas determinaciones de un tribunal que por disposición de ley sean de carácter provisional.

Los criterios a considerar son: (a) si el mismo derecho ha sido infringido por la misma violación; (b) si hay identidad tal que una sentencia diferente en la segunda acción, destruiría o afectaría derechos establecidos en la primera sentencia; (c) identidad de fundamentos y d) si la misma evidencia sostendría ambas sentencias.

En el caso de autos se cumple a cabalidad con los principios rectores ya apuntados. Existe identidad entre las personas de los litigantes y la calidad en que los fueron. Los litigantes son los mismos en uno y otro pleito y la inclusión que se hiciera en el segundo pleito del Municipio de Lares *"para que informe al tribunal si el camino es de su propiedad"..*■ no varía la situación. En *Ramos González v. Félix Medina,* 121 D.P.R. 312 (1988), se resolvió que la inclusión de demandados adicionales no era óbice para la aplicación de la doctrina en relación a los que estaban en el pleito original.

Para los efectos de la doctrina, causa significa el fundamento capital, el origen de las acciones o excepciones planteadas o resueltas. *Lausell Marxuach v. Díaz de Yáñez, supra.* Causa es el motivo o razón de pedir. Así, es evidente en este caso que al dictarse sentencia por inacción en el primer litigio se cubrió lo relacionado con el libre acceso y demás controversias entre colindantes levantadas en el segundo. Entre la primera y segunda demanda no surge verdadera distinción de pedimentos.

De igual modo, la cosa u objeto está claramente identificada como el mismo en ambos litigios. Como señala Manresa en sus *Comentarios, supra,* pág. 236:

*"La identidad de cosas y causas requerida por el artículo 1252, implica la materia litigiosa sea la misma... y que lo solicitado proceda del propio concepto..."*

Ambos litigios, sin lugar a dudas, giran en torno a lo mismo: el uso del camino, la colindancia, perturbaciones causadas al disfrute y acceso a las propiedades en cuestión. La alegación de la segunda acción hace referencia a la Resolución por Estipulación antes mencionada, pero ello no altera la situación. Esta resolución fue dictada por el Tribunal de Distrito, de conformidad con la autoridad concedídale por la Ley Número 104, sobre Colindancias y Estados Provisionales de Derecho, y por ende su resolución no constituye cosa juzgada. 32 L.P.R.A. 2875. Esta resolución, que alude a las controversias entre vecinos, pudo haberse traído y litigado en el primer caso, pues era del conocimiento de los apelantes. Por ello, la sentencia dictada en la causa de número L PE93-0012 impide la tramitación del segundo pleito.

El último error señalado, en el sentido de que el Tribunal de Instancia no formuló determinaciones de hechos ni conclusiones de derecho, tampoco fue cometido.

La Regla 43.2 establece que *"en todos los pleitos el tribunal especificará los hechos y separadamente consignará sus conclusiones de derecho".* La propia Regla 43.2 más adelante

señala que *"no será necesario especificar los hechos probados y consignar la conclusiones de derecho: (a) al resolver mociones bajo la Regla 10 ó 36, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2; ... (d) cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estimare".*

La sentencia que nos ocupa, que desestima la causa de acción por constituir cosa juzgada, responde a una moción radicada por el demandado-apelante, predicada en la doctrina de cosa juzgada, que hace referencia a un pleito anterior. Por ende, consideramos que se trataba de una moción al amparo de la *"Regla 36 o cualquier otra moción",* por lo que no requiere determinaciones de hechos ni conclusiones de derecho.█

Además, como bien señala el apelante, la apelación se da contra la sentencia y no contra los fundamentos que la sostienen. Ya resolvimos que la doctrina de cosa juzgada constituye un impedimento para la tramitación de este caso. Por tanto, aun si entendiéramos que este error se cometió, los apelantes no tendrían disponible como remedio la revocación de la sentencia.

Procede, en su consecuencia, confirmar la sentencia dictada.

Así lo acordó el Tribunal y lo firma la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 201**

**1.** La titularidad del camino podrá ser objeto de otro litigio.

**2.** Sin embargo, la claridad y la base de lo resuelto hubiere servido a los litigantes y a este Tribunal para conocer el porqué de lo resuelto.