ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| UNIVERSAL INSURANCE COMPANY, POPULAR AUTO<br><br>Apelados<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO<br><br>Apelantes | KLAN202401080 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV00010 (702)<br><br>Sobre: Impugnación de confiscación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2025.

Comparece ante nos, el Gobierno de Puerto Rico representado por la Oficina del Procurador General de Puerto Rico (en adelante; "Estado" o "apelante"). Mediante la presente apelación solicita que revoquemos la *Sentencia* emitida el 24 de septiembre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante; "TPI").[2] En esta, dicho foro acogió la solicitud de sentencia sumaria y declaró *Ha Lugar* la demanda instada.

Por los fundamentos que expondremos a continuación, **revocamos** la *Sentencia* apelada. *Veamos.*

**-I-**

Surge de los *autos* ante nos que, el **8 de noviembre de 2022** unos agentes del orden público ocuparon el vehículo Chevrolet, modelo Camaro SS, tablilla JLT-953, por carreras clandestinas.[3]

---

[1] Notificada el 25 de septiembre de 2024.
[2] Anejo VII de la *Apelación Civil*, págs. 75-91.
[3] Anejo V de la *Apelación Civil*, págs. 31-34.

Dicho vehículo constaba inscrito a favor de Popular Auto, y era arrendado al Sr. Diriel J. Mulero Meléndez (en adelante; "Mulero Meléndez").[4]

El **9 de noviembre de 2022**, el Ministerio Público preparó dos (2) denuncias contra el señor Mulero Meléndez.[5] Ello por violación a los Art. 5.06 y Art. 5.07 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como "*Ley de Vehículos y Tránsito de Puerto Rico*",[6] para ser presentadas ante el Tribunal de Primera Instancia, Sala Municipal de Guaynabo.

Mediante orden emitida por el *Departamento de Justicia*, el **15 de noviembre de 2022** se confiscó el vehículo Chevrolet antes descrito, y el **5 de diciembre de 2022** fue notificado a Popular Auto.[7]

A la luz de lo antes expuesto, el **3 de enero de 2023** Universal Insurance Company y Popular Auto (en adelante; "Universal" y "Popular Auto" o "parte apelada") presentaron una *Demanda* de impugnación de confiscación al amparo de la Ley Núm. 119 de 12 de julio de 2011, conocida como "*Ley Uniforme de Confiscaciones de 2011*" (en adelante; "*Ley de Confiscaciones*").[8] Entre otros asuntos, alegaron que la confiscación realizada "*[e]ra nula e ilegal, injustificada e improcedente*" por no haberse cumplido con los requisitos exigidos del ordenamiento jurídico y por no haberse notificado a las partes dentro del término correspondiente.[9] Señalaron, además, que el vehículo confiscado "*[n]unca ha[bía] sido*

---

[4] Anejo III de la *Apelación Civil,* págs. 14-17.
[5] Anejo V de la *Apelación Civil,* págs. 31-34.
[6] Ley Núm. 22-2000, según enmendada, conocida como "*Ley de Vehículos y Tránsito de Puerto Rico*", 9 LPRA sec. 5001 *et. seq.;* En las *Denuncias* los títulos de los delitos imputados son: "*Ley 22 Art. 5.07. Menos Grave (2000)- Imprudencia o negligencia temeraria*" y "*Ley 22 Art. 5.06 Menos Grave (2000)-* Carreras de competencia o regateo".
[7] Anejo VI de la *Apelación Civil,* págs. 58-66.
[8] Anejo I de la *Apelación Civil* págs. 1-6; Ley Núm. 119-2011, según enmendada, conocida como *Ley Uniforme de Confiscaciones de* 2011, 34 LPRA sec. 1724 *et. seq.*
[9] Anejo I de la *Apelación Civil,* págs. 1-3.

*usado en violación a ley alguna que justifique la confiscación del vehículo."*[10]

Oportunamente, el **7 de febrero de 2023** el Estado presentó su *"Contestación a Demanda".*[11] En esencia, negó las alegaciones presentadas por los apelados. Arguyó que se trata de cuestiones de hecho y derecho que debían ser dirimidas por el tribunal. Puntualizó que el vehículo en controversia fue utilizado en violación a los Arts. 5.06 y 5.07 de la *Ley de Vehículos y Tránsito de Puerto Rico*. Con relación a la notificación de la confiscación, alegó que esta fue notificada dentro del término establecido por ley.

Por su parte, el **11 de mayo de 2023** Universal y Popular Auto presentaron una *"Moción informativa sobre legitimación activa"*, en la que presentaron documentos acreditativos de la legitimación activa de Popular Auto.[12]

El TPI celebró una Vista el **24 de mayo de 2023** para atender dicho asunto. Determinó que Popular Auto poseía legitimación activa para continuar en el pleito y acogió el desistimiento de Universal.

Posteriormente, el **18 de septiembre de 2024** Universal y Popular Auto presentaron una *"**Moción solicitando que se dicte sentencia sumaria**".*[13] Señalaron que, el asunto a determinar era *"[s]i proced*[ía] *la Demanda de Impugnación de Confiscación, determinando la aplicabilidad de la comisión del delito y el nexo entre la comisión del delito y el vehículo confiscado".*[14] A su vez, alegaron que los siguientes hechos **no estaban en controversia**:

> 1. El 8 de noviembre de 2022, fue ocupado por la policía de Puerto Rico el vehículo Camaro SS, tablilla JLT-953 del año 2019, que se encontraba registrado a nombre de Popular Auto, Inc. El mismo fue ocupado por una alegada violación Artículo 5.06 y 5.07 de la Ley 22, en

---

[10] *Íd.,* págs. 1-3.
[11] Anejo II de la *Apelación Civil*, págs. 7-13.
[12] Anejo IV de la *Apelación Civil*, págs. 18-19.
[13] Anejo V de la *Apelación Civil*, págs. 20-27.
[14] *Íd.*

> *Guaynabo, Puerto Rico. Dicho vehículo fue tasado en $36,000.00. [...].[15]*
>
> 2. *Popular Auto es la dueña del contrato de venta condicional y tiene un gravamen debidamente anotado en el Departamento de Transportación y Obras Públicas. Vista de Legitimación Activa.[16]*
>
> 4. *Sobre los hechos que dieron lugar a la confiscación del vehículo, fueron acusados Diriel J. Mulero y Erick Adrián Isaac, a ambos se le encontró no causa. [...].[17]*
>
> 5. *Por los hechos antes señalados, procede que se declare Con Lugar la presente demanda de impugnación de confiscación dado que el vehículo confiscado no se utilizó para ningún delito ni el mismo cometió delito alguno, en vista de que el delito por el cual fue confiscado el vehículo no fue cometido, y, por consiguiente, no existe ni la comisión del delito ni el nexo entre la comisión de delito y el vehículo confiscado. Véase lo resuelto en el caso de Luis B. Santini Casiano Estado Libre Asociado de Puerto Rico, et als., supra". [...].[18]*

Para sostener lo antes expuesto, presentaron los siguientes documentos: una carta de notificación cursada a Popular Auto por la Junta de Confiscaciones adscrita al Departamento de Justicia;[19] y cuatro denuncias con fecha del 9 de noviembre de 2022 en las que aparecen como imputados el señor Diriel J. Mulero Meléndez y el señor Erik Adrián Isaac Díaz; sin embargo, las mismas no contienen determinación de clase alguna, ni fecha, nombre o la firma del juez.[20] Los apelados también hicieron referencia a la *"Vista de Legitimación Activa"* en cuanto a que Popular Auto es dueña del vehículo en controversia.[21]

El **23 de septiembre de 2023** el Estado presentó su oposición a la moción de sentencia sumaria.[22] Alegó que los siguientes asuntos se encontraban **en controversia**:

---

[15] *Íd.*, págs. 28-30.

[16] En la vista del 15 de mayo de 2023 se estableció que la parte con legitimación activa lo era Popular Auto, por lo que Universal informó que desistiría a la demanda. El TPI acogió el desistimiento de la demanda en cuanto a Universal; Véase, además, Anejo III de la *Apelación Civil,* págs. 14-17; Anejo IV de la *Apelación Civil,* págs. 18-19.

[17] Según consta en la moción, se omitió el número 3. Deducimos se trata de un error en la numeración; Véase, además, Anejo V de la *Apelación Civil*, págs. 31-38.

[18] Anejo V de la *Apelación Civil*, págs. 20-27.

[19] *Íd.*, págs. 28-30.

[20] Véase, Anejo V de la *Apelación Civil*, págs. 31-38.

[21] Anejo IV de la *Apelación civil*, págs. 18-19.

[22] Anejo VI de la *Apelación Civil*, págs. 39-74.

1. *Si la parte demandante ha logrado rebatir la presunción de legalidad y corrección de la confiscación.*

2. *Si es de aplicación el estatuto confiscatorio contenido en la Ley 22 de Vehículos y Tránsito de Puerto Rico, en los delitos que por Ley se autorice su confiscación.*

3. *Si será de aplicación la doctrina de impedimento colateral por sentencia, ante la ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo, que se celebre por los mismos hechos que dieron lugar a la confiscación, en la cual se determine que el bien confiscado no fue utilizado en la comisión de algún delito.[23]*

No obstante, señaló que los siguientes hechos **no estaban en controversia**:[24]

1. *El día **8 de noviembre de 2022**, la Policía de Puerto Rico ocupó el vehículo de motor marca **Chevrolet**, modelo **Camaro**, del año **2019** y con tabilla **JLT-953** (en adelante, "el vehículo"), el cual fue tasado en treinta y seis mil dólares ($36,000.00).[25]*

2. *Popular Auto, tiene legitimación activa para proseguir la presente causa de acción.*

3. *La confiscación fue notificada a Popular Auto el 5 de diciembre de 2022.*

4. *La confiscación del vehículo se debió a su utilización en violación al Artículo 5.06 y Artículo 5.07 de la Ley 22 de Vehículos y Transito de Puerto Rico, en hechos ocurridos el 8 de noviembre de 2023.[26]*

5. *En dicha fecha, el agente Gilberto Millán Valdés, placa #36912 de la División de Patrulla de Carretera de Bayamón, intervino con el Sr. Erick Adrián Isaac Diaz y Diriel J. Mulero Meléndez, en Guaynabo, Puerto Rico, por violación al Artículo 5.06 y Artículo 5.07 de la Ley 22. El Sr. Diriel Mulero Meléndez conducía el vehículo Chevrolet Mustang, color rojo, del año de 2019, con la tablilla JLT-953 y el Sr. Erick Adrián Isaac Diaz conducía el vehículo Ford Mustang 2019, color blanco, tablilla JHI-150.[27]*

6. *La orden de confiscación del vehículo se emitió el 15 de noviembre de 2022.[28]*

7. *La demanda de epígrafe fue presentada el 3 de enero de 2023 y se emplazó al Estado por conducto del Hon. Secretario de Justicia el día 13 de enero de 2023, según surge del expediente judicial.*

8. *También surge del expediente judicial que la parte demandante no presentó moción solicitando vista para impugnar la tasación del vehículo. Así las cosas, renunció a su derecho a impugnar dicha tasación.[29]*

---

[23] *Íd.*, págs. 41-42.
[24] *Íd.*, págs. 42-43.
[25] *Íd.*, págs. 58-66.
[26] *Íd.*, pág. 66.
[27] *Íd.*, págs. 67-74.
[28] *Íd.*, pág. 66.
[29] Véase el Art. 17 de la Ley 119-2011, según enmendada, el cual dispone que transcurrido el término de 30 días contados a partir de la radicación de la

> *9. El procedimiento criminal instado contra el Sr. el Sr. Erick Adrián Isaac Diaz y Diriel J. Mulero Meléndez, por infracción al Artículo 5.06 de la Ley 22, culminó con determinación de no causa, según surge de la Resolución del 9 de noviembre de 2022, brindada por el demandante en su moción de sentencia sumaria. **Sin embargo, la parte demandante no proveyó determinación alguna en la que se haya resuelto que el vehículo no fue utilizado en la comisión de un delito**.[30]*

En apoyo a lo anterior, el Estado presentó los siguientes documentos: una carta de notificación cursada a Popular Auto y al señor Mulero Meléndez por la Junta de Confiscaciones adscrita al Departamento de Justicia;[31] *Orden de Confiscación*;[32] y, las cuatro denuncias con fecha del 9 de noviembre de 2022 en las que aparecen como imputados el señor Diriel J. Mulero Meléndez y el señor Erik Adrián Isaac Díaz, sin embargo, las mismas no contienen determinación alguna de causa probable para arresto, ni fecha, nombre o la firma del juez.[33]

Añadió, que no es de aplicación la doctrina de impedimento colateral por sentencia.[34] Ello pues no se demostró la existencia de una adjudicación expresa en el proceso penal, en la cual se determinase que el vehículo cuya confiscación se impugna no fue utilizado en la comisión del delito.[35]

Evaluada la solicitud de sentencia sumaria y la oposición, el TPI declaró *Con Lugar* la solicitud y la impugnación de confiscación el **24 de septiembre de 2024**.[36] Determinó que los siguientes hechos no estaban en controversia:

> *1. El 8 de noviembre de 2022 el vehículo marca CHEVROLET CAMARO SS, año 2019, tablilla JLT-953 fue ocupado en el Municipio de Guaynabo y posteriormente confiscado bajo la alegación del Estado que el mismo fue utilizado en violación a los Artículos 5.06 y 5.07 de la Ley de Vehículos y Tránsito el mismo de día de la ocupación.*

---

demanda sin haberse presentado una moción solicitando vista para impugnar la tasación, se tendrá por renunciado el derecho a tal impugnación.

[30] Énfasis nuestro.

[31] Anejo VI de la *Apelación Civil*, págs. 58-65.

[32] *Íd.* pág. 66.

[33] Véase, Anejo VI de la *Apelación Civil*, pág. 67-74.

[34] Anejo VI de la *Apelación Civil*, págs. 43-47.

[35] *Íd.*

[36] Anejo VII de la *Apelación Civil*, págs. 75-91.

*2. El 15 de noviembre de 2022 se ordenó la confiscación del Vehículo, por tener motivos fundados para creer que el vehículo se utilizó en violación al Artículo 5.06 y 5.07 de la Ley de Tránsito.*

*3. El Vehículo era conducido por el Sr. Mulero Meléndez al momento de su detención y ocupación por la Policía de Puerto Rico.*

*4. El Ministerio Público presentó denuncias contra el Sr. Diriel J. Mulero Meléndez por alegadamente violar los artículos 5.06 y 5.07 de la Ley de Vehículos y Tránsito por los hechos del 8 de noviembre de 2022 en el Municipio de Guaynabo.*

*5. De los dos delitos imputados al Sr. Mulero Meléndez solo el Artículo 5.06 de la Ley de Vehículos y Tránsito provee la facultad legal para la confiscación civil de una propiedad privada que se utilice en su violación.*

*6. En el caso del Pueblo de Puerto Rico vs Diriel J. Mulero Meléndez el Tribunal dictó resolución determinando NO CAUSA para arresto en contra del Sr. Mulero Meléndez.*

*7. En cuanto a la determinación de NO CAUSA para arresto, el Ministerio Público no recurrió en alzada o al Tribunal de Apelaciones.*[37]

A la luz de ello, el TPI determinó que no podía concluir que "*[e]xistiese prueba suficiente y preponderante que el vehículo de motor conducido por el Sr. Mulero Meléndez fuese utilizado en la conducta conocida como regateo o de forma Imprudente o negligente*".[38] Asimismo, ordenó al Estado devolver el vehículo Chevrolet, Camaro SS, año 2019, tablilla JLT-953, o en su defecto, el pago del valor de la tasación más los intereses legales computados desde la fecha de la ocupación.[39]

Inconforme con la determinación, el **26 de septiembre de 2023** el Estado presentó una "*Reconsideración a Sentencia Sumaria*".[40] Solicitó se declarara sin lugar la sentencia sumaria y ordenara la continuación de los procedimientos.[41] Fundamentó que Universal y Popular Auto no demostraron la existencia de una adjudicación expresa en el proceso penal, en la cual se haya determinado que el vehículo confiscado no fue utilizado en la

---

[37] *Íd.*, pág. 90.
[38] *Íd.*, pág. 83.
[39] *Íd.,* pág. 91.
[40] Anejo VIII de la *Apelación Civil,* págs. 92-100.
[41] *Íd.*

comisión de algún delito.[42] Alegó que, no procede la aplicación de la doctrina de impedimento colateral por sentencia.

Mediante *Resolución* del **27 de septiembre de 2024**,[43] el foro de instancia declaró *No Ha Lugar* la reconsideración.[44]

Así las cosas, el **2 de diciembre de 2024**, el Estado presentó ante este tribunal apelativo la *Apelación Civil epígrafe*. En esta, señaló que:

> *Erró el Tribunal de Primera Instancia al declarar "Ha Lugar" sumariamente la Demanda de Popular Auto, a pesar de que ello era improcedente conforme a derecho, pues, de las copias de las Denuncia[s] presentadas no surge una adjudicación expresa de que el automóvil no fue utilizado en los actos ilícitos por los que fue confiscado, de forma que se pudiese aplicar al caso la doctrina de impedimento colateral por sentencia.*

Por su parte, los apelados presentaron el **16 de enero de 2025** un "*Alegato de la parte apelada*", en el que solicitaron la confirmación de la *Sentencia* dictada por el TPI. Dada la comparecencia de ambas partes, procedemos a resolver el asunto.

### -II-

### -A-

La Regla 36 de Procedimiento Civil regula el mecanismo procesal de la sentencia sumaria, cuyo propósito principal es facilitar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales.[45] Se considera un hecho material esencial aquel que, puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable.[46] Por lo tanto, procederá dictar una sentencia sumaria:

> *[s]i las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto*

---

[42] *Íd.*
[43] Notificada el 1 de octubre de 2024.
[44] Anejo IX de la *Apelación Civil*, págs. 101-104.
[45] Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36.; *Bobé v. UBS Financial Services*, 198 DPR 6, 19-20 (2017).
[46] *Bobé v. UBS Financial Services, supra*, pág. 20; *SLG Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011).

*a algún hecho esencial y pertinente y que [,] como cuestión de derecho[,] el tribunal debe dictar sentencia sumaria a favor de la parte promovente.*[47]

Es decir, este mecanismo podrá ser utilizado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo le resta aplicar el derecho.[48]

Al determinar si existe controversia de hechos que impida dictar sentencia sumaria, los Tribunales deben: **(1)** analizar los documentos que acompañan la solicitud, los incluidos en la oposición y aquellos que obran en el expediente; y **(2)** determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos.[49]

Por otro lado, un asunto no debe ser resuelto por la vía sumaria cuando existe controversia respecto a elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial y esté en disputa.[50]

**-B-**

La *Ley Uniforme de Confiscaciones de 2011*, según enmendada, es una ley especial que establece como política pública un procedimiento civil que atiende y facilita el proceso de confiscación de bienes muebles e inmuebles por parte del Estado cuando estos están relacionados a la comisión de determinados delitos.[51] Por lo tanto, el propósito de la confiscación es uno punitivo, pues tiene la intención de evitar que el vehículo o la

---

[47] 32 LPRA Ap. V, R. 36.3 inciso (e).
[48] *Burgos López et al. v. Condado Plaza*, 193 DPR 1, 16-17 (2015); *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012).
[49] *SLG v. SLG*, 150 DPR 171, 193 (2000).
[50] *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656, 663 (2017).
[51] Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724.

propiedad confiscada pueda volverse a utilizar para fines ilícitos, y también, sirve de castigo para disuadir los actos criminales.[52]

Sobre los bienes que podrán estar sujetos a la confiscación a favor del Estado, el Artículo 9 de la aludida ley dispone:

> *Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico.*[53]

Ahora bien, siendo la propiedad un derecho constitucional de carácter fundamental, el Tribunal Supremo de Puerto Rico ha establecido como principios rectores que los estatutos relacionados a confiscaciones deben ser interpretados *de manera restrictiva de suerte que resulten consistentes con la justicia y los dictados de la razón natural*.[54] Desde esa óptica, ha expresado que ante la naturaleza punitiva de las confiscaciones, estas no son favorecidas por las cortes y la interpretación de los estatutos que las autorizan debe ser restrictiva.[55]

El proceso de confiscación tiene dos (2) modalidades: **(1)** confiscación criminal y **(2)** confiscación civil. La primera de estas modalidades va dirigida contra la persona imputada del delito o el poseedor de dicha propiedad al realizarse el delito imputado.[56] Esta modalidad es un procedimiento *in personam*, el cual es parte de la acción criminal que se realiza en contra del alegado autor del delito

---

[52] *Centeno Rodríguez v. ELA*, 170 DPR 907, 913 (2007).

[53] 34 LPRA sec. 1724f.

[54] *Coop. Seg. Múltiples v. ELA*, 180 DPR 655, 668 (2011); *Pueblo v. González Cortés*, 95 DPR 164, 168 (1967). *Énfasis nuestro.*

[55] *Coop. Seg. Múltiples v. ELA, supra,* pág. 668.

[56] *MAPFRE v. ELA*, 188 DPR 517, 525 (2013).

base que origina la confiscación.[57] En dicho proceso criminal, de encontrarse culpable a la persona imputada, la sanción impuesta por la sentencia consiste en la confiscación del bien incautado.[58]

Por su parte, la segunda modalidad es una de carácter *in rem* distinta y separada del proceso *in personam*.[59] Se trata de una acción civil que se dirige contra el bien confiscado y no contra el dueño de la propiedad, poseedor, encargado, o cualquier otra persona con interés legal sobre el bien.[60] Es decir, en la acción *in rem* se imputa la utilización de la propiedad confiscada en la comisión de un delito.[61] Así, la confiscación *in rem* permite al Estado proceder directamente contra la propiedad como parte de una *ficción jurídica* que considera que a la cosa incautada —en este caso un vehículo de motor— como medio o producto del delito, se le puede fijar responsabilidad independientemente del autor del crimen.[62]

No obstante, la *ficción jurídica* que permite ir directamente contra la cosa como si ésta fuera responsable de la conducta criminal, la realidad es que en todo caso de confiscación *"[d]ebe existir un <u>vínculo</u> entre la propiedad confiscada y la comisión de un delito."*[63] Es decir, aun cuando la confiscación *in rem* puede efectuarse: **(1)** antes de acusar a la persona, **(2)** antes de que exista una declaración de culpabilidad o absolución o **(3)** antes, incluso, de que se presente algún cargo criminal, el Estado tiene que demostrar que la propiedad confiscada fue utilizada en una **actividad delictiva**.[64]

> *[C]omo toda ley civil relacionada indirectamente con la comisión de un delito, **su ánimo correctivo parte del supuesto de una persona culpable de su infracción**. Igualmente, hemos reconocido que su objetivo es castigar por la comisión de una ofensa contra la ley. **La conexión entre***

---

[57] *Coop. Seg. Múltiples v. ELA*, *supra*, pág. 664.
[58] *MAPFRE v. ELA*, *supra*, pág. 525; *Coop. Seg. Múltiples v. ELA*, *supra*, pág. 664.
[59] *MAPFRE v. ELA*, *supra*, pág. 525.
[60] *Doble Seis Sport TV v. Depto. De Hacienda*, 190 DPR 763, 784 (2014). Véase, además, el Artículo 8 de la *Ley de Confiscaciones*, *supra*, 34 LPRA sec. 1724e.
[61] *Del Toro Lugo v. ELA,* 136 DPR 973, 982 (1994).
[62] *Coop. Seg. Múlt. v. ELA.*, *supra*, pág. 665.
[63] *Íd.*, pág. 668. *Énfasis nuestro.*
[64] *Íd.*

> ***el proceso de confiscación in rem, por un lado, y la conducta criminal base y el autor de dicha conducta criminal por el otro es evidente:*** *"El derecho del Estado de tomar posesión de la cosa surge del mal uso que se le haya dado a ésta".[65]*

De manera que la *ficción jurídica* en las confiscaciones *in rem* no puede ser aplicada de forma automática y absoluta.[66] La evaluación de la procedencia de una confiscación civil debe realizarse a tenor con las circunstancias particulares de cada caso, ya que como mencionáramos, la naturaleza *in rem* de la acción no la desviste de su condición esencialmente punitiva y de infligir castigo.[67]

En ese sentido, nuestro Tribunal Supremo ha establecido el estándar de prueba que tiene que presentar el Estado para satisfacer el procedimiento *in rem* ante una impugnación de confiscación. A saber: **(1)** *prueba suficiente y preponderante de que se ha cometido un delito, y* **(2)** *de un nexo entre la comisión del delito y la propiedad confiscada.[68]* No cabe duda de que el desenlace del procedimiento civil de confiscación está íntimamente relacionado a la causa criminal.[69]

> *[S]e desprende un decidido desarrollo de nuestra jurisprudencia hacia condicionar el proceso civil de confiscación al resultado de la causa criminal contra el alegado autor del delito que da base a dicha confiscación, **incluso en casos en donde la absolución en el caso criminal no sea en los méritos.** Es decir, no se trata únicamente de la aplicación de la doctrina de impedimento colateral por sentencia, **sino de excepciones a la independencia del proceso in rem basadas en la extinción de la acción penal contra la persona presuntamente responsable del delito.[70]***

Por su parte, el Artículo 15 de la *Ley de Confiscaciones, supra,* establece que en el proceso de impugnación de confiscación:

> *[s]e presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a*

---

[65] *Íd.,* págs. 667-668. *Citas omitidas. Énfasis nuestro.*
[66] *Íd.,* pág. 670.
[67] *Íd.*
[68] *Doble Sport TV v. Depto. De Hacienda, supra,* pág. 784; *Suárez v. ELA.,* 162 DPR 43,52 (2004). *Énfasis nuestro.*
[69] *Coop. Seg. Múlt. v. ELA, supra,* pág. 673.
[70] *Íd.,* pág. 676.

> *los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. [...]*[71]

De manera que, si el Estado establece los dos (2) elementos necesarios para activar la presunción de corrección, recae sobre el demandante el peso de la prueba para derrotar la legalidad de la confiscación.

**-C-**

En nuestro ordenamiento jurídico, la doctrina de *cosa juzgada* es una materia con base en derecho sustantivo.[72] El propósito de esta defensa es evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior.[73] Para que la presunción de *cosa juzgada* surta efecto en otro juicio es necesario que entre el caso resuelto por sentencia y el caso en el cual se está invocando la doctrina, concurra la más perfecta identidad de cosas, causas, litigantes y la calidad con que estos lo fueron.[74]

El requisito de que sean las mismas partes se conoce como identidad de personas o mutualidad de partes. Al considerar el alcance de este requisito, se ha señalado que, en principio, los efectos de la *cosa juzgada* se extienden a quienes intervienen en el proceso, a nombre y en interés propio.[75] Por su parte, la alusión a la más perfecta identidad entre las cosas a la cual se refiere la doctrina, responde básicamente al objeto o materia sobre la cual se ejercita la acción.[76] Para determinar el cumplimiento con tal requisito, se ha utilizado el siguiente criterio *"[s]i un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente".*[77]

---

[71] 34 LPRA sec. 1724*l*; *Universal v. ELA,* 211 DPR 455, 470-471.
[72] *Díaz Burgos v. Navieras de Puerto Rico,* 118 DPR 297, 303 (1987).
[73] *Worldwide Food Dis., Inc. v. Colón et al.,* 133 DPR 827, 833 (1993). *Énfasis en original.*
[74] *Íd.,* pág. 834.
[75] *A&P Gen. Contractors v. Asoc. Caná, Inc.,* 110 DPR 753, 766 (1981).
[76] *Lausell Marxuach v. Díaz de Yáñez,* 103 DPR 533, 535 (1975).
[77] *Íd.,* pág. 535.

Mientras, el requisito de identidad de las causas alude al motivo de pedir o el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas.[78] Algunos de los criterios que se han utilizado para determinar si hay identidad en cuanto a las causas presentadas en ambos procesos son: **(1)** si el mismo derecho ha sido infringido por la misma violación; **(2)** si hay una identidad tal que una sentencia diferente en la segunda acción destruiría o afectaría derechos o intereses establecidos por la primera sentencia; **(3)** identidad de fundamentos; **(4)** si la misma evidencia sostendría ambas sentencias.[79]

Por otro lado, el impedimento colateral por sentencia constituye una modalidad de la doctrina de *cosa juzgada.* Se distingue de esta última en que no es necesario que se dé el requisito de identidad de causas.[80] Al igual que ocurre con la doctrina de cosa juzgada, *"[e]l impedimento colateral tiene como propósito promover la economía procesal y judicial, proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia, evitar litigios innecesarios y decisiones inconsistentes.[81]"*

La figura del *impedimento colateral por sentencia* surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia fue dilucidado y determinado mediante una sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque existan causas de acción distintas.[82]

Nuestro Tribunal Supremo ha resuelto que no procede la interposición de la mencionada doctrina cuando la parte contra

---

[78] *A&P Gen. Contractors v. Asoc. Caná, supra,* pág. 765.
[79] *Mercado Riera v. Mercado Riera,* 100 DPR 940, 951 (1972).
[80] *Presidential v. Transcaribe,* 186 DPR 263, 276-277 (2012).
[81] *Íd.,* pág. 271; *Beníquez et al. v. Vargas et al.,* 184 DPR 210, 225 (2012); *Méndez v. Fundación,* 165 DPR 253, 269 (2005).
[82] *Beníquez Méndez v. Vargas Sein, supra.*

quien se interpone no ha tenido oportunidad de litigar anteriormente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior.[83] Por ello, la sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron. No es concluyente en cuanto a aquellas materias que pudieron ser, pero no fueron litigadas y adjudicadas en la acción anterior.[84]

Por su parte, la *Ley de Confiscaciones* establece que no será de aplicación la doctrina de *Impedimento Colateral por Sentencia*:

> *a) Cuando el acusado haya hecho alegación de culpabilidad;*
> *b) cuando el acusado se someta a un programa de desvío;*
> *c) cuando el acusado fallezca antes o en medio del proceso que se esté llevando a cabo contra su persona;*
> *d) **en ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo, que se celebre por los mismos hechos que dieron lugar a la confiscación, en la cual se determine que el bien confiscado no fue utilizado en la comisión de algún delito**; y*
> *e) en cualquier otra instancia que no se cumplan con los requisitos de la doctrina.[85]*

En cuanto a lo anterior, recientemente el Tribunal Supremo indicó que, al confrontarse con alguna de las circunstancias antes mencionadas, el tribunal de instancia tiene que descartar la aplicación de la doctrina de impedimento colateral por sentencia en un procedimiento impugnatorio de una confiscación.[86]

Añadió que la validez de toda confiscación sigue dependiendo de la presencia de: **(1)** prueba suficiente y preponderante de que se ha cometido un delito; y de **(2)** la existencia de un nexo entre la comisión del delito y la propiedad confiscada.[87]

**-D-**

Como es sabido, en nuestro ordenamiento jurídico rigen las Reglas de Evidencia de 2009. En estas se establece lo relativo a la toma de *conocimiento judicial* sobre hechos adjudicativos y sobre

---

[83] *Presidential v. Transcaribe, supra*, pág. 277.
[84] *Beníquez Méndez v. Vargas Sein, supra.*
[85] Art. 8 de la Ley Núm. 119-2011, 34 LPRA sec. 1724e. *Énfasis suplido.*
[86] *Universal v. ELA*, 211 DPR 455, 473.
[87] *Íd., pág.* 474.

asuntos de derecho. Específicamente, la Regla 201 establece lo siguiente:[88]

> *(A) Esta Regla aplica solamente al conocimiento judicial de hechos adjudicativos.*
> *(B) El Tribunal podrá tomar conocimiento judicial solamente de aquel hecho adjudicativo que no esté sujeto a controversia razonable porque:*
>> *(1) es de conocimiento general dentro de la jurisdicción territorial del Tribunal, o*
>> *(2) es susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada.*
> *(C) El Tribunal podrá tomar conocimiento judicial a iniciativa propia o a solicitud de parte. Si es a solicitud de parte y ésta provee información suficiente para ello, el Tribunal tomará conocimiento judicial.*
> *(D) Las partes tendrán derecho a ser oídas en torno a si procede tomar conocimiento judicial. De no haber sido notificada oportunamente por el Tribunal o por la parte promovente, la parte afectada podrá solicitar la oportunidad de ser oída luego de que se haya tomado conocimiento judicial.*
> *(E) El Tribunal podrá tomar conocimiento judicial en cualquier etapa de los procedimientos, incluyendo la apelativa.*
> *(F) […].*[89]

Cónsono con lo anterior, el Más Alto Foro Judicial ha reiterado que los tribunales están facultados para tomar conocimiento judicial de los procedimientos celebrados, sentencias o resoluciones dictadas en otros pleitos, pues son hechos cuya comprobación puede ser exacta o inmediata.[90]

**-III-**

En **primer orden**, como foro apelativo estamos en la misma posición que el TPI ante la moción de sentencia sumaria, por lo que nos compete determinar *de novo* si las partes cumplieron con los requisitos que les impone la Regla 36 de Procedimiento Civil.[91] *Veamos.*

Aunque los apelados no cumplieron con hacer una exposición breve de las alegaciones de las partes, pues, de la solicitud presentada no surge expresa ni claramente, una breve relación de estas, más allá de que el delito por el cual fue confiscado el vehículo

---

[88] Regla 201 de Evidencia de 2009, 32 LPRA Ap. VI, R. 201.
[89] *Íd.*
[90] *Íd.* Véase, además, *UPR v. Laborde Torres*, 180 DPR 253, 276 (2010); Asociación *de Periodistas* v. *González*, 127 DPR 704, 714-715 (1991).
[91] 32 LPRA Ap. V, R. 36.

no se cometió.[92] Sí cumplieron con presentar una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no había controversia sustancial:

> *1. El 8 de noviembre de 2022, fue ocupado por la policía de Puerto Rico el vehículo Camaro SS, tablilla JLT-953 del año 2019, que se encontraba registrado a nombre de Popular Auto, Inc. El mismo fue ocupado por una alegada violación Artículo 5.06 y 5.07 de la Ley 22, en Guaynabo, Puerto Rico. Dicho vehículo fue tasado en $36,000.00. [...].*

> *2. Popular Auto es la dueña del contrato de venta condicional y tiene un gravamen debidamente anotado en el Departamento de Transportación y Obras Públicas. Vista de Legitimación Activa.*

> *4. Sobre los hechos que dieron lugar a la confiscación del vehículo, fueron acusados Diriel J. Mulero y Erick Adrián Isaac, a ambos se le encontró no causa. [...].[93]*

En ese sentido, acompañaron como prueba en los *incisos (1)* y *(2)* los siguientes documentos: **(1)** una carta de notificación cursada a Popular Auto por la Junta de Confiscaciones adscrita al Departamento de Justicia,[94] y **(2)** una referencia a la "*Vista de Legitimación Activa*" en cuanto a que Popular Auto es dueña del vehículo en controversia.[95] Sin embargo, en el *inciso (4)* presentaron como prueba cuatro copias de denuncias sin determinación de clase alguna de causa probable para arresto, ni fecha, nombre o la firma del juez. [96] Por lo cual, no presentaron prueba admisible en evidencia, según lo requiere la Regla 36.

En cambio, el Estado cumplió con su deber de oponerse correctamente. Realizó una breve exposición de las alegaciones; delineó los asuntos que estaban en controversia; enumeró los hechos que no estaban en controversia, acompañándolos con prueba admisible en evidencia; y argumentó las razones por las cuales no se debía dictar sentencia sumaria.

---

[92] Anejo V de la *Apelación Civil*, pág. 20.
[93] Véase, Anejo V de la *Apelación Civil*, pág. 21.
[94] *Íd.*, págs. 28-30.
[95] Véase, Anejo IV de la *Apelación civil*, págs. 18-19.
[96] Véase, Anejo V de la *Apelación Civil*, pág. 31-38.

Asimismo, alegó que los siguientes hechos no estaban en controversia:

1. El día **8 de noviembre de 2022**, la Policía de Puerto Rico ocupó el vehículo de motor marca **Chevrolet**, modelo **Camaro**, del año **2019** y con tablilla **JLT-953** (en adelante, "el vehículo"), el cual fue tasado en treinta y seis mil dólares ($36,000.00).[97]

2. Popular Auto, tiene legitimación activa para proseguir la presente causa de acción.

3. La confiscación fue notificada a Popular Auto el 5 de diciembre de 2022.

4. La confiscación del vehículo se debió a su utilización en violación al Artículo 5.06 y Artículo 5.07 de la Ley 22 de Vehículos y Transito de Puerto Rico, en hechos ocurridos el 8 de noviembre de 2023.[98]

5. En dicha fecha, el agente Gilberto Millán Valdés, placa #36912 de la División de Patrulla de Carretera de Bayamón, intervino con el Sr. Erick Adrián Isaac Diaz y Diriel J. Mulero Meléndez, en Guaynabo, Puerto Rico, por violación al Artículo 5.06 y Artículo 5.07 de la Ley 22. El Sr. Diriel Mulero Meléndez conducía el vehículo Chevrolet Mustang, color rojo, del año de 2019, con la tablilla JLT-953 y el Sr. Erick Adrián Isaac Diaz conducía el vehículo Ford Mustang 2019, color blanco, tablilla JHI-150.[99]

6. La orden de confiscación del vehículo se emitió el 15 de noviembre de 2022.[100]

7. La demanda de epígrafe fue presentada el 3 de enero de 2023 y se emplazó al Estado por conducto del Hon. Secretario de Justicia el día 13 de enero de 2023, según surge del expediente judicial.

8. También surge del expediente judicial que la parte demandante no presentó moción solicitando vista para impugnar la tasación del vehículo. Así las cosas, renunció a su derecho a impugnar dicha tasación.[101]

9. El procedimiento criminal instado contra el Sr. el Sr. Erick Adrián Isaac Diaz y Diriel J. Mulero Meléndez, por infracción al Artículo 5.06 de la Ley 22, culminó con determinación de no causa, según surge de la Resolución del 9 de noviembre de 2022, brindada por el demandante en su moción de sentencia sumaria. Sin embargo, la parte demandante no proveyó determinación alguna en la que se haya resuelto que el vehículo no fue utilizado en la comisión de un delito.

Para fundamentar su posición, acompañó los siguientes documentos: **(1)** una carta de notificación cursada a Popular Auto y

---

[97] Véase, Anejo VI de la *Apelación Civil*, págs. 58-66.
[98] *Íd.*, pág. 66.
[99] *Íd.*, págs. 67-74.
[100] *Íd.*, pág. 66.
[101] Véase, el Art. 17 de la Ley 119-2011, según enmendada, el cual dispone que transcurrido el término de 30 días contados a partir de la radicación de la demanda sin haberse presentado una moción solicitando vista para impugnar la tasación, se tendrá por renunciado el derecho a tal impugnación.

al señor Mulero Meléndez por la Junta de Confiscaciones adscrita al Departamento de Justicia;[102] **(2)** *Orden de Confiscación;*[103] y **(3)** las cuatro denuncias con fecha del 9 de noviembre de 2022 que no contenían determinación de clase alguna de causa probable para arresto, ni la fecha, nombre o la firma del juez.[104]

En conclusión, los apelados no cumplieron a cabalidad con la Regla 36, distinto al Estado que sí cumplió con oponerse correctamente.

Ahora bien, de la Sentencia emitida por el TPI y conforme a la prueba sometida, acogemos *de novo* las siguientes determinaciones de hechos:

*1. El 8 de noviembre de 2022 el vehículo marca CHEVROLET CAMARO SS, año 2019, tablilla JLT-953 fue ocupado en el Municipio de Guaynabo y posteriormente confiscado bajo la alegación del Estado que el mismo fue utilizado en violación a los Artículos 5.06 y 5.07 de la Ley de Vehículos y Tránsito el mismo de día de la ocupación.*

*2. El 15 de noviembre de 2022 se ordenó la confiscación del Vehículo, por tener motivos fundados para creer que el vehículo se utilizó en violación al Artículo 5.06 y 5.07 de la Ley de Tránsito.*

*3. El Vehículo era conducido por el Sr. Mulero Meléndez al momento de su detención y ocupación por la Policía de Puerto Rico.*

*4. El Ministerio Público preparó unas denuncias contra el Sr. Diriel J. Mulero Meléndez por alegadamente violar los artículos 5.06 y 5.07 de la Ley de Vehículos y Tránsito por los hechos del 8 de noviembre de 2022 en el Municipio de Guaynabo.*

En **segundo orden**, nos corresponde determinar si era procedente la aplicación de la doctrina de impedimento colateral por sentencia, dado que el Estado alega que no se cumplió con los requisitos necesarios para su aplicación. Tiene razón.

A modo de resumen, en el caso de epígrafe se prepararon dos (2) denuncias contra el señor Mulero Meléndez por violación a los Arts. 5.06 y 5.07 de la *Ley de Vehículos y Tránsito de Puerto Rico* y,

---

[102] Véase, Anejo VI de la *Apelación Civil*, págs. 58-65.
[103] *Íd.*, pág. 66.
[104] *Íd.*, pág. 67-74.

eventualmente, se confiscó el vehículo utilizado. En consecuencia, dicha confiscación fue impugnada ante el TPI.

Así las cosas, el TPI tomó conocimiento judicial *motu proprio* de que un tribunal determinó que el señor Mulero Meléndez no incurrió en regateo, y procedió a aplicar la doctrina de impedimento colateral por sentencia. Cónsono con lo anterior, dictó la sentencia sumaria apelada a favor de Universal y Popular Auto.

No obstante, no surge del expediente que de las cuatro denuncias presentadas se haya emitido una determinación de no causa para arresto por un tribunal. Es decir, las únicas pruebas que se encuentran en el expediente son las referidas denuncias que están huérfanas de determinación, fecha, firma o nombre de juez alguno.

En términos prácticos, en el presente caso se presentó en la moción de sentencia sumaria unas denuncias que no satisfacen el estándar requerido por nuestro ordenamiento para la aplicación de la doctrina de impedimento colateral por sentencia. A esos efectos, la prueba presentada no es suficiente para poder concluir que hubo una adjudicación en los méritos.

Por lo antes expuesto, el foro de instancia incidió al declarar con lugar la solicitud de sentencia sumaria y conceder la impugnación de confiscación. Por ello, revocamos el dictamen apelado y devolvemos el caso para la continuación de los procesos.

**-IV-**

Por los fundamentos antes expuestos, revocamos la *Sentencia* dictada el 24 de septiembre de 2024.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones